UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JEAN MAFFIT | : | DOCKET NO. 07 CV 666 |
| VS. | : | JUDGE TRIMBLE |
| RYKE W. ANDERSON, ET AL. | : | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the plaintiff's Motion to Remand this suit to the 14th Judicial District Court. [rec. doc.6]. The defendants have filed opposition. [rec. doc. 8]. For the following reasons, it is recommended that the Motion to Remand be **GRANTED** and accordingly, that this lawsuit be remanded to state court.

BACKGROUND

Plaintiff Jean A. Maffit filed suit in the 14th Judicial District Court against Ryke W. Anderson ("Anderson"), his employer Ashland, Inc. ("Ashland") and Ace American Insurance Company ("Ace"), Anderson's and Ashland's alleged liability insurer, seeking damages for personal injuries allegedly sustained as a result of a motor vehicle accident involving Anderson and Maffit. The petition alleges that the accident occurred when Anderson rear ended Maffit while Anderson was driving in the course and scope of his employment with Ashland. Among other allegations, Anderson is alleged to have failed

to maintain a safe and proper distance from Maffit's vehicle and to have followed Maffit too closely.

The defendants removed this action on April 11, 2007 alleging diversity jurisdiction as the basis for removal. [rec. doc. 1]. While acknowledging that Anderson is a Louisiana citizen, the defendants' allege that his citizenship should be ignored because he has been improperly joined in this action because plaintiff has no reasonable basis for recovery in tort against him given that Anderson was in the course and scope of his employment with Ashland at the time of the accident.

The instant Motion to Remand was filed on April 23, 2007. In the instant Motion plaintiff contends that Anderson has been properly joined as a defendant herein, regardless of whether Anderson was in the course and scope of his employment at the time he allegedly rear ended Maffit. As the driver of a vehicle on a Louisiana roadway, Anderson owed a duty to Maffit not to follow her vehicle too closely, and thus under Louisiana law, Anderson's breach of that duty forms the basis of personal liability against him.

## LAW AND ANALYSIS

*Removal and Diversity Jurisdiction*

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916

(5th Cir. 2001). Here, the removing defendants have not met their burden. Accordingly, this court lacks diversity jurisdiction and remand is required.

The removal statute provides in pertinent part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

In cases which are removed based on diversity, it is axiomatic that no defendant may be a citizen of the forum state. 28 U.S.C. § 1441(b); *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 469, 473 (1996). Thus, when there is a single defendant who is a citizen of the forum state present, removal on the basis of diversity jurisdiction is barred. *Id*. Similarly, in a case with multiple plaintiffs and multiple defendants complete diversity is required. *Id*.; *Exxon v. Allapattah*, 125 S.Ct. 2611, 2617 (2005). Moreover, in diversity cases, a single non-diverse party "destroys original jurisdiction with respect to all claims" in the action. *Id*. at 2618. An exception to the rule of complete diversity applies when a non-diverse defendant is improperly joined in order to defeat the court's diversity jurisdiction.

It is undisputed that both plaintiff Maffit and defenfdant Anderson are citizens of Louisiana. The removing defendants contend that the presence Anderson, a non-diverse defendant, should be disregarded because he has been improperly joined to defeat this court's diversity jurisdiction.

3

The Fifth Circuit has recognized two ways for the removing party to establish improper joinder: "actual fraud in the pleading of jurisdictional facts," or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003) *citing Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).[1] The removing party's burden of proving improper joinder is "heavy." *Smallwood,* 385 F.3d at 574. Here, the removing defendants do not contend that there was any fraud in the pleading of jurisdictional facts. The removing defendants, however, focus on the second basis for improper joinder. In resolving this issue, this court must determine,

> ... whether the defendant has demonstrated that there is *no possibility of recovery* by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against the in-state defendant.

*Smallwood,* 385 F.3d at 573 *citing Travis,* 326 F.3d at 648 (emphasis added; internal citation and quotations omitted). Where the evidence viewed in the light most favorable to the plaintiff at least raises the possibility that a plaintiff could succeed in establishing a claim against the Louisiana defendant under Louisiana law, remand is required. *Ford v. Elsbury*, 32 F.3d 931 (5th Cir.1994).

---

[1] In *Smallwood*, while sitting *en banc*, the Fifth Circuit adopted the term "improper joinder" rather than the term "fraudulent joinder" used in prior cases, noting that "there is no substantive difference between the two terms." *Id.* at 571 fn. 1. The undersigned also prefers the term "improper" joinder.

The removing defendants argue that Anderson's citizenship should be ignored because under Louisiana law the plaintiff has no reasonable basis for recovery against him. That argument is contrary to Louisiana law, meritless and unavailing.

Louisiana law provides an injured third party with a valid cause of action against both a negligent defendant driver and his employer. Under Louisiana law, an employee may be held liable to an injured motorist if he has a personal duty to the plaintiff, the breach of which has specifically caused the plaintiff's damages, notwithstanding an employer's vicarious liability for the acts of it employee. *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973)[2]; *Ibeta v. Brinks, Inc.*, 1995 WL 781291 (E.D.La. 1997); *LaCoste v. Stamps*, 1995 WL 442070 (E.D.La. 1995); *George v. Home Depot USA,* 2001 WL 766967 (E.D.La. 2001); *Chambers v. Graybiel*, 639 So.2d 361, 366 (La.App. 2nd Cir. 1994) citing La.R.S. 32:81; *Jones v. Harris*, 896 So.2d 237 (4th Cir. 2005) (affirming damage award against both the rear-ending driver and her employer found liable to injured driver); *Powell v. Regional Transit Authority*, 695 So.2d 1326 (La. 1997) (reviewing verdict finding negligent bus driver and his employer liable to injured third party).

---

[2]The *Canter* elements that must be satisfied for the employee to be held personally liable are as follows:
(1) The employer must owe a duty of care to the customer;
(2) This duty must be delegated by the employer to the particular employee;
(3) The employee must breach this duty through his own personal fault; and
(4) Personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of the employment; he must have a personal duty to the plaintiff that was not properly delegated to another employee. *Id*. at 721.

Considering the allegations in plaintiff's petition that Anderson's alleged negligence while driving was the cause of her alleged injuries, it is clear that plaintiff has stated an independent claim against Anderson. Anderson, like all other motorists on Louisiana highways, must drive his vehicle in a reasonably prudent manner, and his failure to do so may subject him to liability, whether or not his employer may also be liable for his actions as a result of an existing employer-employee relationship.  Because Anderson is non-diverse, this Court cannot exercise diversity jurisdiction over this matter.

## CONCLUSION

Based on the foregoing, the removing defendants have not carried their burden of establishing that federal diversity jurisdiction exists in this case and that removal was proper.  This court therefore lacks subject matter jurisdiction.  Accordingly, it is recommended that the Motion to Remand be **GRANTED** and that this lawsuit be remanded to state court.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by F.R.C.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  Douglass v. United Services Automobile Association, 79 F.3d. 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed August 28, 2007, at Lafayette, Louisiana.

*[signature]*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE